[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14783
Non-Argument Calendar

_____

D. C. Docket No. 06-60135-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMUS PETERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 6, 2007)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Demus Peterson appeals his 87-month sentence for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On appeal, Peterson challenges the substantive reasonableness of his sentence on the grounds that the district court ignored mitigating factors relating to his personal characteristics, failed to consider the effect on the Guidelines calculation caused by the government's request for certain drug quantities in its undercover purchases, and also failed to consider whether the Guidelines disparity between powder cocaine and cocaine base offenses, combined with the other circumstances of his case, made the sentence unreasonable. Peterson also challenges his sentence as procedurally unreasonable, arguing that the district court applied a presumption of correctness to the Guidelines range and failed to give an adequate analysis of the 18 U.S.C. § 3553(a) factors. For the reasons set forth more fully below, we affirm.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Unreasonableness may be procedural, when the court's procedure does not follow Booker's[1] requirements, or substantive. See United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). When evaluating the reasonableness of a sentence, we consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons

_____

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

for imposing the particular sentence.  United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006), pet. for cert. filed, (U.S. Oct. 19, 2006)  (No. 06-7352). When imposing a sentence, the district court must first correctly calculate the Guidelines.  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).  Second, the district court must consider the following factors to determine a reasonable sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id.  While the district court must consider the § 3553(a) factors, it is not required to discuss each factor.  Id.  "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker."  Id.

"[T]here is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id. at 788.  "The weight to be accorded any given § 3553(a) factor is a matter

3

committed to the sound discretion of the district court[,]" and we will not "substitute our judgment in weighing the relevant factors because our review is not de novo." Williams, 456 F.3d at 1363 (citation, quotation marks, and alteration omitted). Although a sentence within the Guidelines range is not per se reasonable, the use of the Guidelines remains central to the sentencing process and we ordinarily expect a sentence within the Guidelines range to be reasonable. Talley, 431 F.3d at 787-88. However, the district court's choice of a sentence is not unfettered. Williams, 456 F.3d at 1363. "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id.

With regard to the procedural reasonableness of Peterson's sentence, the district court stated that it had considered the statements of the parties, the PSI, which contained the advisory Guidelines, the statutory minimum, and the § 3553(a) factors. The district court's analysis of the § 3553(a) factors was sufficient. See Talley, 431 F.3d at 786 ("[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker."). The district court acknowledged that the

4

Guidelines were advisory and found a Guideline sentence "appropriate in this matter." Aside from the selection of a Guideline sentence, the record provides no support for Peterson's contention that the district court applied a presumption of correctness to the Guidelines range.

Peterson also has not established that his sentence is substantively unreasonable. With respect to the sentencing disparity between powder cocaine and cocaine base offenses, the district court cannot reject Congress's policy judgment as to the disparity based either on its disagreement with the policy or pursuant to § 3553(a)(6). Williams, 456 F.3d at 1366-68. Nevertheless, the court still can fashion a reasonable sentence in cocaine base cases based on the individualized, case-specific factors in § 3553(a). See id. at 1369.

However, Peterson cannot establish that these individualized factors made his sentence unreasonable. With respect to Peterson's argument regarding governmental manipulation of the Guideline factors, in Williams, we declined to decide whether "a finding of sentencing factor manipulation is a valid mitigating consideration under § 3553(a)," but did not rule out the possibility that it could be considered. Id. at 1370-71. Assuming, without deciding, that this is a valid consideration, Peterson cannot show that this alleged manipulation made his sentence unreasonable. After purchasing 3.2 grams of cocaine base from Peterson

5

for $190, an undercover officer arranged the purchase of 2 ounces of cocaine base for $1,600. However, Peterson, who admitted that he sold cocaine base on a daily basis, provided the additional 42.2 grams of cocaine base for which he was ultimately held accountable at sentencing. Moreover, there is no indication of any entrapment in this case. See United States v. Bohannon, 476 F.3d 1246, 1252 (11th Cir. 2007) ("A sentencing-factor manipulation claim alleges that 'a defendant, although predisposed to commit a minor or lesser offense, is entrapped into committing a greater offense subject to greater punishment.'") (citation omitted).

Peterson's 87-month sentence was at the low end of the advisory Guideline range, 27 months greater than the statutory minimum 60-month term of imprisonment, and well below the 40-year statutory maximum term of imprisonment. Peterson's Guideline range was affected by the quantity of drugs he was willing to sell to the undercover officer and by his prior criminal activities. Under these circumstances, the evidence that Peterson presented in mitigation, including his attempt to gain an education and support his children, which he financed with his drug proceeds, and his marijuana addiction, does not warrant a conclusion that his sentence was unreasonable.

In light of the foregoing, Peterson's sentence is **AFFIRMED.**